UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x Civil Action No.: 08 CV 0897

MARIE BASULTO,

                Plaintiff,

    -against-

JLM SPORTS, INC., SPORTIME USA,
and JAY MATTHEW

                Defendant.

------------------------------------------------------------------x

VERIFIED COMPLAINT

JURY TRIAL DEMANDED

Judge Berman

Plaintiff Marie Basulto (hereinafter referred to as the "Plaintiff"), by her attorney Mark B. Stumer & Associates, P.C., as and for her Complaint, allege as follows upon information and belief:

## NATURE OF ACTION

1. The Plaintiff in this case alleges, with greater specificity below, that she has been subjected to discrimination by JLM Sports, Inc., Sportime USA and Jay Matthew (collectively referred to herein as "Defendants" unless individually referred to herein) on the basis of her sex and pregnancy.

2. Defendants knew or should have known of the discrimination and failed to take adequate measures to prevent or stop it.

3. This Complaint addresses and seeks to remedy violations of the rights of Plaintiff's under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and The New York State Executive Law Section 296 et. seq. ("N.Y.S. Exec. Law")

## EXHAUSTION OF REMEDIES

4. Prior to filing this Complaint, Plaintiff timely filed a written charge under oath asserting discrimination based on race under Title VII with the United States Equal Employment Opportunity Commission (the "EEOC") within 300 calendar days of the date on which the last discriminatory act allegedly therein occurred, which was assigned Charge No. 520-2006-00449.

5. In furtherance of said Charge, Plaintiff received a Notice of Right to Sue letter dated November 1, 2007 from the EEOC (a copy attached hereto as Exhibit A).

6. In furtherance of said Charge, after investigation, the EEOC, "concluded that the evidence obtained during the Commissioner's investigation establishes a violation of Title VII of the Civil Rights Act of 1964, as amended, in that Charging Party was discriminated against due to her sex (pregnancy)."

7. In conformance with 29 U.S.C. § 626(d), Plaintiff now files this Complaint within 90 days after the Plaintiff received the Notice of Right to Sue from the EEOC.

## JURISDICTION AND VENUE

8. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

9. The Court has supplemental jurisdiction of the claims based on the N.Y.S. Exec. Law pursuant to 28 U.S.C. § 1367, because those claims arise from the same operative facts as the federal claims and are so related as to form part of the same case or controversy.

10. Venue is appropriate as the alleged unlawful employment practices were and are now being committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

11. At all relevant times, the Plaintiff was an "employee" covered by Title VII. Plaintiff is a female.

12. At all relevant times, the defendant JLM Sports, Inc. was an "employer" within the meaning of Title VII and N.Y.S. Exec. Law.

13. At all relevant times, the defendant Sportime USA. was an "employer" within the meaning of Title VII and N.Y.S. Exec. Law.

14. At all relevant times, the defendant Jay Matthew was an "employer" within the meaning of Title VII and N.Y.S. Exec. Law.

15. At all relevant times, the defendant Jay Matthew was an "aider and abetter" within the meaning of the N.Y.S. Exec. Law, Section 296(6).

16. Defendant Jay Matthew is liable in his individual capacity pursuant to N.Y.S. Exec. Law, Section 296(6).

## STATEMENT OF CLAIMS

17. Plaintiff re-incorporates Paragraphs 1-16 of this Complaint as if fully set forth herein.

18. Plaintiff began working for the Defendants in or about June 2001.

19. Upon information and belief, Matthew learned of Plaintiff's pregnancy in early November 2005.

20. On multiple occasions on or about November 2005, Matthew asked Plaintiff questions regarding her previous pregnancy. For example, Matthew asked Plaintiff how much time she had taken off due to her previous pregnancy.

21. On multiple occasions on or around November 2005, Matthew asked Plaintiff how long she was going to be able to work for prior to giving birth and asked her how much time she would require to take off following giving birth.

22. On each occasion, Plaintiff told Matthew that she was not sure how much time that she would need to take off, but that she would take off as little time as possible.

23. On or about November 15, 2005, Matthew notified Plaintiff that she was being terminated.

24. Immediately after Matthew terminated the Plaintiff, he told her that he did not believe that she would come back to work after her pregnancy because she was having her third child.

25. Immediately after Matthew terminated the Plaintiff, Plaintiff informed Matthew that she was still able to, and wanted to, continue working.

26. Plaintiff also assured Matthew that she would return to work following her pregnancy because she had to earn money in order to support her family.

27. Plaintiff also begged Matthews to reconsider the termination. Matthew refused.

28. Upon information and belief, Matthew told Paul Fertig, Plaintiff's coworker, that Matthew fired the Plaintiff because she was having her third child and that he did not believe that she would come back to work after giving birth.

29. Matthew fired the Plaintiff based solely on her pregnancy.

30. In no way did the Plaintiff's pregnancy affect her ability to perform her job.

31. During Plaintiff's employment with the Defendants, Plaintiff performed her duties in a professional and efficient manner.

## AS AND FOR THE FIRST CLAIM

## DENIAL OF TERMS AND CONDITIONS BASED ON SEX (PREGNANCY)

## IN VIOLATION OF TITLE VII

32. Plaintiff hereby realleges and incorporates by reference, as if fully set forth herein, all of the allegations contained the paragraphs 1-31 above.

33. Plaintiff was forced to endure discrimination and harassment on the basis of her sex and pregnancy in violation of Title VII.

34. Defendants have engaged in unlawful employment practices in violation of Title VII.

35. Defendants have discriminated against the Plaintiff on the basis of her sex and pregnancy and have denied her equal terms, conditions and privileges of employment, in violation of Title VII.

36. The unlawful employment practices complained of above were intentional and were performed with malice and reckless indifference to the Plaintiff's federally protected rights.

37. As a proximate result of Defendants' acts and practices described above, Plaintiff suffered and endured, and will continue to suffer and endure, serious and possibly permanent emotional pain, suffering and anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, embarrassment, humiliation, and other damages.

38. Defendants are therefore liable to Plaintiff for compensatory damages, punitive damages, other affirmative relief, costs and attorney's fees, in a sum to be awarded by Court and jury.

## AS AND FOR THE SECOND CLAIM

## DENIAL OF TERMS AND CONDITIONS BASED ON SEX (PREGNANCY)

## IN VIOLATION OF N.Y.S. EXEC. LAW SEC 296

39. Plaintiff hereby realleges and incorporates by reference, as if fully set forth herein, all of the allegations contained the paragraphs 1-38 above.

40. Plaintiff was forced to endure discrimination and harassment on the basis of her sex (pregnancy) in violation of the NYS Exec Law, Section 296, *et. seq.*

41. Defendants have engaged in unlawful employment practices in violation of The NYS Exec Law.

42. Defendants have discriminated against the Plaintiff on the basis of sex and pregnancy and denied her equal terms, conditions and privileges of employment, in violation of The NYS Exec Law.

43. The unlawful employment practices complained of above were intentional and were performed with malice and reckless indifference to the Plaintiff's rights.

44. As a proximate result of Defendants' acts and practices described above, Plaintiff suffered and endured, and will continue to suffer and endure, serious and possibly permanent emotional pain, suffering and anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, embarrassment, humiliation, and other damages.

45. Defendants are therefore liable to Plaintiff for compensatory damages, punitive damages, other affirmative relief, costs and attorney's fees, in a sum to be awarded by Court and jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs request judgment against the Defendants as follows:

1) On the First and Second Claims, for discrimination on the basis of Sex and Pregnancy in violation of Title VII, 42 U.S.C. § 2000e-2(a), and the NYS Exec Law, Section 296, et. seq., against all Defendants, in a sum to be awarded by a Court and/or a jury for compensatory (including, but not limited to back pay, front pay and emotional distress) and punitive damages, costs and reasonable attorney's and experts fees; and

2) for such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

The Plaintiffs demand a jury trial of all issues properly triable by a jury.

Dated: January 14, 2008
New York, New York

MARK B. STUMER & ASSOCIATES, PC

By: /s/ Mark B. Stumer
Mark B. Stumer, Esq. (MS- 6027)
Attorney for Plaintiff
200 Park Avenue South, Suite 1511
New York, New York 10003
(212) 633-2225

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x Civil Action No.:
MARIE BASULTO,

                    Plaintiff,                        VERIFIED
                                                  COMPLAINT

   -against-

JLM SPORTS, INC., SPORTIME USA,
and JAY MATTHEW                                  JURY TRIAL DEMANDED

                   Defendant.
------------------------------------------------------------------x

STATE OF NEW YORK    )
                                ) ss.:
COUNTY OF NEW YORK  )

    Marie Basulto, being duly sworn, deposes and says:

    I am the Plaintiff in the above-entitled action. I have read the foregoing Verified Complaint and know that all of the assertions set forth therein are true and are within my personal knowledge, except as matters alleged on information and belief, and as to those matters, I believe them to be true.

                                                       *Marie Basulto*
                                                       Marie Basulto

Sworn to before me this
18 day of January 2008;

*Dale J Gross*
Notary Public

DALE J GROSS
Notary Public - State of New York
NO. 01GR6142788
Qualified in Westchester County
My Commission Expires 3/20/10

**Exhibit A**

EEOC Form 161-A (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

To: Marie Basulto
31 Wood Street
Mahopac, NY 10541

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2006-00449 | Hazel C. Stewart, Supervisory Investigator | (212) 336-3776 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____    Nov 1, 2007
Spencer H. Lewis, Jr.,            (Date Mailed)
Director

Enclosures(s)

cc: JLM Sports, Inc. d/b/a SPORTS TIME U.S.A.
Jay Matthew, President
380 Saw Mill River Road
Elmsford, NY 10523

Mark Stumer, Esq.
Mark B, Stumer & Associates, PC
200 Park Avenue South, Suite 1511
New York, NY 10003